UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MELISSA HERR,

    Plaintiff,

    v.                               Case No. 21-CV-1258

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

    Defendant.

---

## DECISION AND ORDER

---

Melissa Herr seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income ("SSI"). For the reasons explained below, the Commissioner's decision is affirmed, and the case is dismissed.

## BACKGROUND

On October 3, 2019, Herr filed an application for SSI alleging disability beginning on February 1, 2018 due to high cholesterol, type two diabetes, schizophrenia, bipolar disorder, depression, post-traumatic stress disorder ("PTSD"), and a shoulder injury. (Tr. 13, 205, 234.) Herr's claim was denied initially on February 14, 2020 (Tr. 13, 128), and upon reconsideration on December 1, 2020 (*Id.*). Herr requested a hearing on January 12, 2021, and a telephone hearing was held on May 10, 2021 before Administrative Law Judge ("ALJ") Patrick Berigan. (Tr. 31.) Herr testified at the hearing, as did James Breen, a vocational expert ("VE"). (Tr. 13.)

The ALJ issued an unfavorable written decision on May 24, 2021. (Tr. 10.) The ALJ found that Herr had the severe impairments of degenerative joint disease of the left shoulder, obesity, bilateral hearing loss, depression, PTSD, and anxiety. (Tr. 15.) The ALJ further found that Herr did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (the "listings"). (Tr. 16.)

The ALJ found that Herr had the residual functional capacity ("RFC") to perform light work with the following limitations: cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally reach overhead with the left (dominant) upper extremity; should avoid all exposure to unprotected heights or unprotected moving machinery; limited to simple tasks requiring no more than two hours of continuous concentration; limited to low stress jobs only, defined as having only occasional decision making required and occasional changes in the work setting; and cannot work in environments with more than a moderate noise level. (Tr. 18-19.)

Although the ALJ found that Herr was unable to perform any of her past relevant work (Tr. 25), he found that given her age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Herr could perform (*Id.*). As such, the ALJ found that Herr was not disabled from October 3, 2019 through the date of the decision. (Tr. 26.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Herr's request for review on August 25, 2021. (Tr. 1.)

# DISCUSSION

## 1. *Applicable Legal Standards*

The court may only reverse the Commissioner's final decision if it is based on legal error or not supported by substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence need not be conclusive evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010) (internal quotation and citation omitted). While the ALJ is not required to discuss every piece of evidence in a decision, the ALJ must "build an accurate and logical bridge" between the evidence and their conclusions. *Jelinek*, 662 F.3d at 811; *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). The ALJ must also follow the SSA's rulings and regulations, as failure to do so requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006).

In reviewing the entire record, the court does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Judicial review is strictly limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

## 2. *Application to this Case*

Herr argues that the ALJ failed to account for her limitations in interacting with others both in her RFC and in the corresponding hypothetical posed to the VE. (Pl.'s Br., Docket # 12.). Herr argues the record evidence supports limiting the frequency in which she is able to interact with the public, supervisors, and/or co-workers. (*Id.* at 17.)

RFC is the most the claimant can do in a work setting "despite her limitations." *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004); *see also* 20 C.F.R. 416.945(a)(1). In assessing the RFC, the Administration must consider all of the claimant's known medically determinable impairments. 20 C.F.R. § 416.945(a)(2).

The ALJ's consideration of Herr's limitations in interacting with others and rationale in determining Herr's RFC were sufficient. The ALJ considered Herr's claim and found that the record did not support more than mild to moderate limitations in interacting with others that did not preclude her from work. (Tr. 23.) Specifically, the ALJ considered the opinions of the state agency consultants at both the initial and reconsideration levels who opined that Herr had moderate limitations in interacting with others. (*Id.*) The ALJ accorded these opinions only partial weight, finding that Herr did not testify as to any significant problems interacting with others. Furthermore, the ALJ found that while she underwent mental health treatment, her symptoms were controlled with medication and counseling.

In determining Herr's RFC, the ALJ considered both Herr's testimony and medical records. The ALJ considered Herr's testimony that she had been off medication and had received no mental health treatment from the time she moved to Wisconsin in September 2020 through the date of the hearing, a period of about eight months. (Tr. 24.) The ALJ also considered Herr's testimony that her mental health had actually improved with her move to Wisconsin and that she had coped with her mental health symptoms, which would come and go, by reading the Bible and not drinking. (*Id.*) The ALJ subsequently found that the lack of treatment without reports of increased symptoms supported the finding that Herr's limitations were mild to moderate and did not preclude work. (*Id.*)

4

Case 2:21-cv-01258-NJ   Filed 09/30/22   Page 4 of 6   Document 18

The ALJ also relied on Herr's medical records in making the RFC determination. The ALJ noted that while Herr presented as sad/depressed or anxious at a few of her examinations, Herr presented as alert, oriented, pleasant, cooperative, and with intact memory, adequate attention and concentration, normal mood/affect, normal behavior, and good/intact insight and judgment at the majority of her appointments. (Tr. 22.) The ALJ also considered the opinions of the state agency consultants, Dr. Jessy Sadovnik, PsyD and Dr. Susan Donahoo, PhD, who both opined that Herr had moderate limitations interacting with others. (Tr. 23.) The ALJ only found these opinions to be "partially persuasive" because Herr did not testify as to any significant issues interacting with others and Herr's records indicated that her mental health symptoms were controlled with medication and counseling. (*Id.*) The ALJ then considered the opinion of Dr. Katherine Patterson, PsyD, an independent consultative examiner who opined that Herr had moderate limitations in interacting adequately with supervisors, coworkers, and the public. (Tr. 24.) The ALJ found that although her opinion was "generally persuasive" and "fairly consistent with the overall record," again, Herr's lack of treatment without reports of increased symptoms supported a finding of mild to moderate limitations that do not preclude work. (Tr. 24.)

Ultimately, the ALJ did consider Herr's limitations in interacting with others and supported the RFC determination with substantial evidence, including Herr's testimony and medical records. (Tr. 24-25.) As such, I do not find the ALJ erred in considering Herr's limitations in interacting with others in the RFC determination, and remand is not warranted on this ground.

Finally, the hypothetical question the ALJ poses to the VE must incorporate all of the claimant's limitations supported by the medical evidence in the record. *Indoranto v. Barnhart*,

5

Case 2:21-cv-01258-NJ    Filed 09/30/22    Page 5 of 6    Document 18

374 F.3d 470, 473–74 (7th Cir. 2004). Because I find the ALJ did not err in finding Herr's limitations in interacting with others did not preclude her from work, the ALJ did not err by excluding Herr's limitations in interacting with others from the hypothetical posed to the VE. Thus, remand is not warranted on this ground.

## CONCLUSION

Both the ALJ's RFC determination and hypothetical posed to the VE accounted for Herr's limitations in interacting with others and were supported by substantial evidence. Accordingly, the Commissioner's decision is affirmed, and the case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Commissioner's decision is **AFFIRMED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 30th day of September, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge